UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: ELEAZAR SALAZAR,<br><br>               Debtor,<br>_____<br>U.S. BANK NATIONAL ASSOCIATION,<br><br>               Appellant,<br><br>v.<br><br>ELEAZAR SALAZAR,<br><br>               Appellee. | Civil No. 11-cv-907-L(BLM)<br><br>Bankruptcy No. 10-17456-MM13<br><br>**ORDER REVERSING BANKRUPTCY COURT DECISION AND REMANDING FOR FURTHER PROCEEDINGS** |

      Pending before the Court is Appellant U.S. Bank National Association ("U.S. Bank")'s appeal of the bankruptcy court's decision denying its motion for relief from the automatic stay in Appellee Eleazar Salazar's Chapter 13 bankruptcy case. The Court found this appeal suitable for determination on the papers submitted and without oral argument. *See* Civ. L.R. 7.1(d.1). (Doc. 26.) For the following reasons, the Court **REVERSES** the bankruptcy court's decision and **REMANDS** the case to the bankruptcy court for further proceedings.

//

# I. BACKGROUND[1]

## A. Deed of Trust

Salazar owned real property at 1268 Emerald Way, Calexico, California. In October 2005, Salazar obtained a loan from Accredited Home Lenders, Inc. ("Accredited"). He executed a promissory note payable to Accredited. To secure the loan, Salazar also executed a deed of trust ("DOT") that named him as "Borrower," Accredited as "Lender," Chicago Title Company as trustee, and Mortgage Electronic Registration System, Inc. ("MERS") as beneficiary. (DOT 1–2 [Doc. 4-2].) In the DOT, Salazar granted title to his property to the trustee, in trust, with the power of sale. (*Id.* at 3.) Moreover, the DOT stated that "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument." (*Id.*) Accredited endorsed Salazar's promissory note in blank. Then the endorsed note was transferred to U.S. Bank as trustee of the C-BASS 2006-CB2 Trust.

## B. Foreclosure Proceedings

After Salazar defaulted under the loan, foreclosure proceedings were instituted. On May 7, 2009, a notice of default and election to sell under Salazar's DOT was recorded. (ROA-II 55–56 [Doc. 4-2].) The notice of default advised Salazar to contact Litton Loan Servicing LP, in care of Quality Loan Service Corporation ("Quality"), to arrange for payment to stop the foreclosure. On June 18, 2009, MERS executed a substitution of trustee, naming Quality as the new trustee. (*Id.* at 88–90.) Then, on August 14, 2009, a notice of trustee's sale was recorded. (*Id.* at 109–02.)

U.S. Bank purchased the property at the trustee's sale, which was held on December 7, 2009. On December 14, 2009, a trustee's deed conveying the property to U.S. Bank was recorded. (ROA-II 123–24.) After it posted and served a three-day notice to quit on Salazar,

---

[1] References to the Record on Appeal will be designated as "ROA" followed by the volume number—either I, II, or III—and the appropriate Electronic Case Filing page number.

U.S. Bank commenced an unlawful-detainer action in the Imperial County Superior Court. (ROA-I 9–23 [Doc. 4-1].)  But before the unlawful-detainer action could proceed to trial, Salazar filed his Chapter 13 petition in the bankruptcy court on September 30, 2010.  (ROA-III 106–17.)

### C. Bankruptcy Court Decision

On October 26, 2010, U.S. Bank filed a motion in the bankruptcy court for relief from the automatic stay in order to prosecute its unlawful-detainer action against Salazar in state court. Salazar opposed.  Following oral argument, the bankruptcy court denied U.S. Bank's motion, finding that Salazar "demonstrated a prima facie case that the foreclosure sale was void . . . [and] thus has a significant property interest entitled to protection by the automatic stay."  *In re Salazar*, 448 B.R. 814, 817 (Bankr. S.D. Cal. 2011).[2]

To reach that conclusion, the bankruptcy court determined that U.S. Bank had to meet both requirements of California Civil Code § 2932.5 for the foreclosure to be valid.  *Id.* at 820. First, "U.S. Bank had to be entitled to payment of the secured debt," and, second, "U.S. Bank's status as foreclosing beneficiary [must] appear before the sale in the public record title for the Property."  *Id.*  The court also rejected the argument that § 2932.5 only applied to mortgages, finding that the historical distinction between deeds of trust and mortgages have been determined to be obsolete and the borrower's ability to identify the assignee of its loan is more important now than it was during the Great Depression.  *Id.* at 820-21.

The bankruptcy court also rejected U.S. Bank's argument that MERS' status as nominal beneficiary under the DOT obviated the need to record the DOT under § 2932.5 because "[e]ven though MERS was the beneficiary at the time of inception, it was not so at the time of the foreclosure."  *Salazar*, 448 B.R. at 822.  It also concluded that MERS as a nominal beneficiary had no authority to nonjudicially foreclose under the express terms of the DOT.  *Id.* at 823. Rather, the DOT reserved the right to "invoke the power of sale" to the lender, to be exercised by MERS only in the limited situation when "necessary to comply with law or custom" in

---

[2] The bankruptcy court's decision is also included in the Record on Appeal.  (*See* ROA-III 73–104.)

enforcement actions. *Id.* The bankruptcy court also rejected U.S. Bank's "invitation to overlook the statutory foreclosure mandates of California law, and rely upon MERS as an extrajudicial commercial alternative." *Id.* at 824.

On April 28, 2011, U.S. Bank filed its notice of appeal. The parties fully briefed the issues on appeal. (Docs. 7, 14, 23.) Thereafter, U.S. Bank also filed notices of supplemental authority, calling the Court's attention to the California Court of Appeal decision *Calvo v. HSBC Bank USA, N.A.*, 199 Cal. App. 4th 118 (2011), which was issued on September 13, 2011. (Docs. 25, 28, 29.) Salazar filed a response to U.S. Bank's first notice. (Doc. 27.)

## II.  STANDARD OF REVIEW

A district court has jurisdiction to hear bankruptcy appeals. 28 U.S.C. § 158. "On an appeal the district court or bankruptcy appellate panel may affirm, modify, or reverse a bankruptcy judge's judgment, order, or decree or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. When considering an appeal from the bankruptcy court, a district court uses the same standard of review that a circuit would use in reviewing a decision of a district court. *See In re Baroff*, 105 F.3d 439, 441 (9th Cir. 1997). The district court reviews *de novo* the bankruptcy court's conclusions of law, and reviews for clear error the bankruptcy court's findings of fact. *In re Int'l Fibercom, Inc.*, 503 F.3d 933, 940 (9th Cir. 2007). Thus, to the extent that the Court reviews a conclusion of law, it applies a *de novo* standard, and to the extent it reviews a finding of fact, it applies a clear-error standard.

An order granting or denying relief from an automatic stay is generally reviewed for abuse of discretion. *See In re Conejo Enters.*, 96 F.3d 346, 351 (9th Cir. 1996). A bankruptcy court abuses its discretion when its decision is "based on an erroneous conclusion of law or when the record contains no evidence on which [the court] rationally could have based that decision." *See id.* (internal quotation marks omitted).

//
//
//

### III.     ISSUES ON APPEAL

U.S. Bank presents five issues on appeal: (1) Did the bankruptcy court abuse its discretion in denying U.S. Bank's motion for relief from the automatic stay?; (2) Did the bankruptcy court err in concluding that the debtor retains an equitable interest in the real property after recordation of a trustee's deed following a nonjudicial foreclosure under a deed of trust encumbering the property?; (3) Did the bankruptcy court err in concluding that § 2932.5 applies to deeds of trust and requires recordation of an assignment of the beneficial interest in a deed of trust before commencement or conclusion of a nonjudicial foreclosure of a deed of trust?; (4) Did the bankruptcy court err in concluding that MERS lacked authority to initiate and direct the trustee to conduct a nonjudicial foreclosure under a deed of trust designating MERS as nominee beneficiary?; and (5) Did the bankruptcy court err in concluding that cause does not exist for relief from the automatic stay under 11 U.S.C. § 362(d)(1) or § 362(d)(2)?

### IV.     DISCUSSION

The bankruptcy court's decision denying U.S. Bank relief from the automatic stay trickles down from its finding that § 2932.5 applies to both mortgages and deeds of trust. *See Salazar*, 448 B.R. at 819.  Section 2932.5 provides:

> Where a power to sell real property is given to a mortgagee, or other encumbrancer, in an instrument intended to secure the payment of money, the power is part of the security and vests in any person who by assignment becomes entitled to payment of the money secured by the instrument.  The power of sale may be exercised by the assignee if the assignment is duly acknowledged and recorded.

Thus, whether § 2932.5 also applies to deeds of trust is the linchpin of this appeal.  For the following reasons, the Court finds that § 2932.5 does not apply to deeds of trust.

In *Calvo*, the plaintiff sued HSBC Bank and MERS, its agent and nominal beneficiary under a deed of trust recorded against the plaintiff's residence. *Calvo*, 199 Cal. App. 4th at 120. The deed of trust granted title to the plaintiff's residence to the trustee, in trust, with the power of sale.  *Id.*  The deed of trust also stated: "MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender

including, but not limited to, releasing and canceling the Security Instrument." *Id.* at 120-21. These are the exact same rights granted by the DOT to the trustee and MERS, respectively, in this case.

The plaintiff argued, like Salazar, that the foreclosure was void and should be set aside because HSBC Bank, which bought the plaintiff's residence at a foreclosure sale, "invoked the power of sale without complying with the requirement of section 2932.5 to record the assignment of the deed of trust from the original lender to HSBC Bank." *Id.* at 121. The Court of Appeal found "no merit in this contention." *Id.* It concluded that "[i]t has been established since 1908 that this statutory requirement that an assignment of the beneficial interest in a debt secured by real property must be recorded in order for the assignee to exercise the power of sale applies only to a mortgage and not to a deed of trust." *Id.* at 122. The Court of Appeal primarily based that conclusion on its finding that *Stockwell*—which found that § 2932.5's substantively similar predecessor statute did not apply to a trustee's sale—remains good law today. *Id.* at 122-23 (discussing *Stockwell v. Barnum*, 7 Cal. App. 413 (1908).)

Furthermore, contrary to the bankruptcy court's finding in this case, the Court of Appeal also found that "*Bank of Italy* did not hold that a mortgage is the same as a deed of trust." *Id.* at 123 (discussing *Bank of Italy Nat'l Trust & Savings Ass'n v. Bentley*, 217 Cal. 644, 655 (1933)). *Contra Salazar*, 448 B.R. at 821-22 (citing *Bank of Italy* for the proposition that the distinction between deeds of trust and mortgages "has been determined to be obsolete," particularly in the context of § 2932.5). In fact, the *Calvo* court explicitly found the analysis in *Salazar* that § 2932.5 applies to deeds of trust unpersuasive. *Calvo*, 199 Cal. App. 4th at 123 n.2. And finally, the Court of Appeal found that MERS not only had a statutory right to initiate foreclosure proceedings on behalf of HSBC Bank, but also had the right to foreclose under the express language of the deed of trust. *Id.* at 125.

"In deciding an issue of state law, when there is relevant precedent from the state's intermediate appellate court, the federal court must follow the state intermediate appellate court decision unless the federal court finds convincing evidence that the state's supreme court likely would not follow it." *Hayes v. Cnty. of San Diego,* 658 F.3d 867, 870 (9th Cir. 2011) (citing

*Ryman v. Sears, Roebuck & Co.*, 505 F.3d 993, 994 (9th Cir. 2007) (internal quotation marks omitted). There is no evidence before the Court that the California Supreme Court would not follow *Calvo*. To the contrary, the California Supreme Court denied the plaintiff's petition for review, which suggests it would indeed follow the Court of Appeal decision. *See Calvo v. HSBC Bank USA, N.A.*, No. S197440 (Cal. Jan. 4, 2012). Moreover, the Ninth Circuit has reached the same conclusion. *See Caballero v. Bank of Am.*, No. 10-17818, 2012 WL 475766, at *1 (9th Cir. Feb. 15, 2012) (memorandum decision). It also found "no 'convincing evidence' that the California Supreme Court would hold that California Civil Code section 2932.5 applies to deeds of trust." *Id.*

In sum, the Court adopts *Calvo*'s reasoning and is bound to follow its holding that § 2932.5 does not apply to deeds to trust. *See Hayes*, 658 F.3d at 870; *Calvo*, 199 Cal. App. 4th at 121-22. Consequently, both U.S. Bank and MERS, its nominal beneficiary and agent, are entitled to invoke the power of sale in the DOT. *See id.* Furthermore, given that the bankruptcy court's decision is based on an erroneous conclusion of law, it abused its discretion in denying U.S. Bank's motion for relief from the automatic stay. *See Conejo Enters.*, 96 F.3d at 351.

## V.   CONCLUSION & ORDER

In light of the foregoing, the Court **REVERSES** the bankruptcy court's decision denying U.S. Bank relief from the automatic stay, and **REMANDS** this matter to the bankruptcy court for further proceedings consistent with this order.

**IT IS SO ORDERED.**

DATED: March 14, 2012

$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxx}$M. James Lorenz
United States District Court Judge

COPY TO:

HON. BARBARA LYNN MAJOR
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL